1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

KARA M.,

7                          Plaintiff,

8        v.

9   COMMISSIONER OF SOCIAL
    SECURITY,

10                         Defendant.

Case No. 3:21-05673-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

11

12        Plaintiff has brought this matter for judicial review of defendant's denial of her

13   applications for disability insurance benefits ("DIB") and supplemental security income

14   ("SSI").

15        The parties have consented to have this matter heard by the undersigned

16   Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

17   MJR 13.

18                        I.    ISSUES FOR REVIEW

19        1. Did the ALJ properly evaluate the medical opinion evidence?

20        2. Did the ALJ properly evaluate Plaintiff's subjective testimony?

21                        II. BACKGROUND

22        On April 29, 2016, Plaintiff filed applications for DIB and SSI, alleging disability as

23   of January 1, 2016. *See* Administrative Record ("AR") 247, 253. The applications were

24   denied upon initial administrative review and on reconsideration. *See* AR 68–69, 99–

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

100. A hearing was held before ALJ Mark Kim on April 9, 2019. *See* AR 34–67. In a

decision dated April 25, 2019, ALJ Kim determined Plaintiff to be not disabled. *See* AR

14–33. Plaintiff's request for review of the ALJ's decision was denied by the Appeals

Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1;

20 C.F.R. §§ 404.981, 416.1481. Plaintiff filed a complaint in this Court seeking judicial

review of the Commissioner's final decision, and on October 20, 2020, this Court

reversed and remanded ALJ Kim's decision for further proceedings. AR 655–67.

A new hearing was held before ALJ Elizabeth Watson on April 13, 2021. AR

626–51. In a decision dated July 14, 2021, ALJ Watson found that Plaintiff only became

disabled within the meaning of Sections 216(i) and 223(d) of the Social Security Act as

of February 17, 2020. AR 601–25. The Appeals Council denied review, and Plaintiff filed

a second complaint in this Court on October 5, 2021, seeking judicial review of the

Commissioner's final decision. Dkt. 7.

## III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

denial of Social Security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874

F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Biestek v.

Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.  DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable

impairments of cervical degenerative disc disease, lumbar degenerative disc disease,

left hip trochanteric bursitis, bilateral carpal tunnel syndrome status post-releases,

obesity, adjustment disorder, attention deficit hyperactivity disorder ("ADHD"), and generalized anxiety disorder. AR 607. Based on the limitations stemming from these impairments, the ALJ found that Plaintiff could perform a reduced range of light work. AR 609. Relying on vocational expert ("VE") testimony, the ALJ found at step four that Plaintiff could not perform her past relevant work, but could perform other light, unskilled jobs at step five of the sequential evaluation; therefore, the ALJ determined at step five that Plaintiff was not disabled prior to February 17, 2020. AR 615.

A. Whether the ALJ Properly Evaluated Medical Opinion Evidence

Plaintiff contends that the ALJ erred in evaluating the medical opinions of treating physicians Michael K. Turner, M.D. and Bjorn Jacobson, M.D.; examining psychologists Peter A. Weiss, Ph.D., N.K. Marks, Ph.D., and Cecilia Cooper, Ph.D., and reviewing psychologists Melanie Mitchell, Psy.D. and Brian Van Fossen, Ph.D. Dkt. 17, pp. 2–15.

Plaintiff filed their applications prior to March 27, 2017, therefore under the applicable regulations, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

An examining physician's opinion is "entitled to greater weight than the opinion of a non-examining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1)("Generally, we give more weight to the

opinion of a source who has examined you than to the opinion of a source who has not

examined you"). A non-examining physician's or psychologist's opinion may not

constitute substantial evidence by itself sufficient to justify the rejection of an opinion by

an examining physician or psychologist. *Lester,* 81 F.3d at 831 (citations omitted).

However, "it may constitute substantial evidence when it is consistent with other

independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th

Cir. 2001) (*citing Magallanes, supra*, 881 F.2d at 752).  "In order to discount the opinion

of an examining physician in favor of the opinion of a non-examining medical advisor,

the ALJ must set forth specific, *legitimate* reasons that are supported by substantial

evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (citing

*Lester,* 81 F.3d at 831).

Acceptable medical sources include both licensed physicians and licensed

psychologists. *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996). The ALJ "may reject

the opinion of a non-examining physician by reference to specific evidence in the

medical record."  *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing*

*Gomez*, 74 F.3d at 972); *Andrews,* 53 F.3d at 1041.

A. Opinion of Dr. Turner

Dr. Turner, Plaintiff's treating physician of over two years, completed a

questionnaire regarding Plaintiff's functional capacity on November 5, 2018. AR 518–

24. He noted Plaintiff's diagnoses of lumbar spondylosis, lumbar radiculopathy, vascular

insufficiency, and chronic fatigue syndrome. AR 518. Dr. Turner opined that Plaintiff is

limited to sitting for five hours in an eight-hour workday and standing or walking for one

hour in an eight-hour workday. AR 521. In addition, he stated that Plaintiff would need to

get up to move around every hour, for 10 minutes, before returning to sitting and could

not stand or walk continuously in a work setting, could not carry more than 10 pounds,

and could not kneel, bend, or stoop. AR 521–22, 524.  Finally, Dr. Turner stated that

Plaintiff's severe pain symptoms would frequently interfere with her attention and

concentration; she has a poor emotional and physical reserve; and she is likely to be

absent from work two to three times per month due to bad pain days. AR 522–23.

 The ALJ gave this opinion little weight, reasoning that (1) the opinion was a

check-box form and unsupported by the doctor's treatment notes; (2) the opined

limitations on Plaintiff's attention, concentration, need for breaks, and absenteeism were

based on Plaintiff's subjective complaints; and (3) the opinion was inconsistent with mild

to moderate indications from imaging, good range of motion on examination, hip

maneuvers not reproducing groin pain on examination, and improvement in her neck,

back and hip pain with physical therapy and injections. AR 614.

 With respect to the ALJ's first reason, an ALJ "may permissibly reject check-off

reports that do not contain any explanation of the bases of their conclusions." *Molina v.*

*Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal citations omitted). Yet even where

a treating physician's opinion is brief and conclusory, an ALJ must consider its context

in the record—especially the physician's treatment notes. *See Burrell v. Colvin*, 775

F.3d 1133, 1140 (9th Cir. 2014) (holding ALJ erred in finding treating opinion

"conclusory" and supported by "little explanation," where ALJ "overlook[ed] nearly a

dozen [treatment] reports related to head, neck, and back pain"); *Revels v. Berryhill*,

874 F.3d 648, 663 (9th Cir. 2017) (ALJ erred in rejecting treating physician's opinion as

supported by "little explanation," where record included treatment notes supporting the

opined limitations). Here, the ALJ did not address Dr. Turner's treatment notes at all, instead characterizing Dr. Turner's opinion on Plaintiff's limitations as a stand-alone document, in spite of Dr. Turner having seen Plaintiff at least 13 times during the relevant period. *See* AR 430–31, 456, 481, 484, 486–87, 495, 542, 550, 566, 590–91, 599. This was error.

With respect to the ALJ's second reason, if a treating or examining source's opinions are based "to a large extent" on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the source's opinion. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir.2008); *see also Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir. 2005). However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *See Ryan v. Commissioner of Social Sec.,* 528 F.3d 1194, 1199–1200 (9th Cir. 2008).

Here, Dr. Turner's treatment notes indicated that Plaintiff suffered from edema, back spasms, and radiating pain, in addition to exhibiting antalgic gait, weakness, and neuropathy. AR 481, 484, 486–87, 566, 590–91. The ALJ did not explain how these findings clashed with Dr. Turner's opinions regarding Plaintiff's ability to pay attention or work without breaks. Accordingly, the ALJ's finding that Dr. Turner based his opinion on Plaintiff's subjective symptom reports was not a specific and legitimate reason supported by substantial evidence for discounting that opinion.

With respect to the ALJ's third reason, an ALJ need not accept the opinion of a treating source "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Batson v. Commissioner of Social Security Administration*, 359 F.3d

1190, 1195 (9th Cir. 2004). Here, the ALJ again pointed to mild to moderate indications from imaging, good range of motion, hip maneuvers not reproducing groin pain on examination, and improvement in Plaintiff's condition with physical therapy and injections. AR 614 (citing AR 377, 379, 433, 435, 481–82, 490, 495, 537, 599, 1036, 1079–80).

While X-ray and magnetic resonance imaging ("MRI") scans showed only mild to moderate degenerative changes, the other evidence upon which the ALJ relied is neither substantial nor inconsistent with Dr. Turner's findings. Plaintiff's "good range of motion" was noted only once in the context of Plaintiff appearing agitated. AR 379. In addition, the notes upon which the ALJ relied to find Plaintiff's improvement with physical therapy indicated that this improvement was due to decreased physical activity. AR 433, 435. Finally, in finding that Plaintiff's groin pain was not reproduced by hip maneuvers on examination, the ALJ ignored evidence that this activity could reproduce groin pain, as occurred in an exam on December 20, 2016. *See* AR 481, 614.

The mild to moderate indications from imaging, alone, would not constitute substantial evidence contradicting Dr. Turner's opined limitations; because the other medical evidence on which the ALJ relied was neither substantial nor inconsistent with Dr. Turner's opinion, this was not a specific and legitimate reason for discounting the opinion. The ALJ's failure to provide adequate rationale for rejecting the opinion was error.

An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

In this case, the ALJ's error was not harmless. Had the ALJ properly considered Dr. Turner's opinion, the ALJ may have incorporated limitations from these opinions in making a determination as to Claimant's residual functional capacity. Had the ALJ incorporated such limitations, in turn, the continuing disability determination may have changed. Accordingly, the ALJ's error was not harmless and requires reversal.

B. Opinion of Dr. Jacobson

Dr. Jacobson, Plaintiff's treating physician from 2019 on, provided a medical source opinion on March 24, 2021, wherein he diagnosed Plaintiff with chronic neck and low back pain with degenerative disc disease throughout the spine. AR 983. In addition, Dr. Jacobson stated that Plaintiff's symptoms, including intermittent episodes of debilitating pain and the inability to function, would cause her to miss four or more days of regular, continuous work per month. According to Dr. Jacobson, Plaintiff would be limited to the level sedentary work or less and she would be off task and unproductive over 30% of a 40-hour work week. AR 984.

In giving little weight to this opinion, the ALJ reasoned that it was (1) produced after the period in issue; (2) inconsistent with imaging and examination results; and (3) inconsistent with Plaintiff's activities of daily living. AR 614.

With respect to the ALJ's first reason, "[i]t is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). But an ALJ may reject a medical opinion, even that of a treating physician, that "d[oes] not relate plaintiff's current symptoms back to the relevant time period." *Morgan v. Colvin*, No. 12-01235, 2013 WL 6074119, at *10 (D. Or. Nov. 13, 2013); *see also Shuff v. Berryhill*, No. 16-05579, 2017

1  WL 4224423, at *3 (W.D. Wash. Sept. 22, 2017) (holding that ALJ properly discounted

2  opinion postdating date last insured by two years which described claimant's symptoms

3  "at this point" and explaining that "post-DLI opinions may be properly discounted where

4  they do not have retrospective applicability").

5       Here, Dr. Jacobson stated that the limitations he assessed had existed since at

6  least September 2019, when he began treating Plaintiff. AR 985. Dr. Jacobson also

7  referred Plaintiff to a physical therapist, reviewed chart notes, and approved successive

8  plans of care during the period between September 2019 and the established onset

9  date of February 17, 2020. *See, e.g.,* AR 1567, 1573, 1579. The ALJ did not point to

10  any evidence, aside from the date on which Dr. Jacobson's opinion was rendered, that

11  would undermine Dr. Jacobson's statement regarding the duration of Plaintiff's

12  limitations. This was not a specific and legitimate reason for discounting the statement.

13  *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988).

14       With respect to the ALJ's second reason, an ALJ need not accept the opinion of

15  a treating source "if that opinion is brief, conclusory, and inadequately supported by

16  clinical findings." *Batson v. Commissioner of Social Security Administration*, 359 F.3d

17  1190, 1195 (9th Cir. 2004). Here, the ALJ again pointed to mild to moderate indications

18  from imaging, good range of motion, hip maneuvers not reproducing groin pain on

19  examination, and improvement in Plaintiff's condition with physical therapy and

20  injections. AR 614 (citing AR 377, 379, 433, 435, 481–82, 490, 495, 537, 599, 1036,

21  1079–80). As discussed above with respect to Dr. Turner's opinion, the evidence upon

22  which the ALJ relied to make this finding was neither substantial nor inconsistent with

23

24

25

1   the opined limitations; thus, it was not a specific and legitimate reason for discounting

2   the opinion.

3       With respect to the ALJ's third reason, inconsistency with a claimant's activities

4   may serve as a proper basis for rejecting a medical source's opinion. *Rollins v. Massanari*,

5   261 F.3d 853, 856 (9th Cir. 2001). Yet disability claimants should not be penalized for

6   attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157

7   F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987)

8   (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)).

9   Here, the ALJ discounted Dr. Jacobson's opinion as inconsistent with Plaintiff's activities of

10  helping watch her sister's young children, performing self-care, driving, cooking, cleaning,

11  shopping, using public transportation, sewing, crafting, and doing yard work. AR 614 (citing

12  AR 377, 399, 415, 433, 442, 509). The ALJ failed to explain how any of these activities

13  conflicted with Dr. Jacobson's opinion. There is no indication that any of these activities

14  require, for example, lifting and carrying more than 10 pounds at a time, or that Plaintiff

15  performed any of these activities at a level comparable to that of full-time work. *See* AR

16  984. The ALJ cited Plaintiff's ability to push a lawnmower, but there is no indication that it

17  required greater ability than opined by Dr. Jacobson, and it also caused increased pain. AR

18  442. Substantial evidence does not support the finding that Dr. Jacobson's opinion is

19  contradicted by Plaintiff's activities.

        C. Opinion of Dr. Weiss

20      On March 16, 2020, Dr. Weiss completed an evaluation of Plaintiff, including a

21  clinical interview and mental status examination, and diagnosed her with panic disorder

22  and moderate recurrent major depressive disorder. AR 831–34. Based on these

23  impairments, he opined that Plaintiff would be severely limited in her ability to perform

24

25

activities within a schedule, to maintain regular attendance, to be punctual within customary tolerances without special supervision; and to complete a normal workday and work week without interruptions from psychologically based symptoms. AR 832–33. The ALJ did not address this opinion in her decision. The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394–1395 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570–571 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

Here, the Commissioner asserts that any error in omitting discussion of Dr. Weiss's opinion was harmless because, like Dr. Jacobson's opinion, it was produced after the established onset date. Dkt. 18, p. 14. If the ALJ ignores a medical opinion, the omission is reviewed for harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015). First, the ALJ did not provide this as a reason for discounting the opinion. "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947)). Second, as with Dr. Jacobson's opinion, Dr. Weiss's opinion indicated that Plaintiff's mental health symptoms had begun in 2017, several years before the established onset date of February 17, 2020; thus, as with Dr. Jacobson's opinion, Dr. Weiss's opinion

1  could not be rejected merely by virtue of being produced after that date. *See Smith v.*

2  *Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988).

3       D. Opinion of Dr. Marks

4       On July 15, 2016, psychologist Dr. Marks evaluated Plaintiff, diagnosing her

5  with ADHD, anxiety disorder, and depressive disorder. *See* AR 397–402. Dr. Marks

6  assessed marked limitations in Plaintiff's ability to perform activities within a

7  schedule, maintain regular attendance, and be punctual within customary tolerances

8  without special supervision; learn new tasks; adapt to changes in a routine work setting;

9  and communicate and perform effectively in a work setting. AR 400. In another

10  evaluation dated July 23, 2018, Dr. Marks again evaluated Plaintiff, this time assessing

11  additional marked limitations in her ability to adapt to make simple work-related

12  decisions, ask simple questions or request assistance, maintain appropriate behavior in

13  a work setting, complete a normal workday and work week without interruptions, and set

14  realistic goals or plan independently. AR 510.

15       The ALJ gave little weight to Dr. Marks's opinions, reasoning that they were (1)

16  cursory evaluations conducted in a secondary gain context; and (2) inconsistent with

17  another consultative examination in which Plaintiff's presentation and performance were

18  far better. AR 613 (citing AR 413–17).

19       With respect to the ALJ's first reason, Dr. Marks's 2016 and 2018 evaluations

20  each included a clinical interview, mental status examination, and review of Plaintiff's

21  records, and the 2018 evaluation included an administration of the Beck Anxiety and

22  Beck Depression Inventories. AR 397–401, 507–13. Thus, a finding that both

23  evaluations were "cursory" is unsupported by substantial evidence.

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 12

1    In addition, "'[t]he purpose for which medical reports are obtained does not

2    provide a legitimate basis for rejecting them' unless there is additional evidence

3    demonstrating impropriety." *Case v. Astrue*, 425 F. Appx. 565, 566 (9th Cir. 2011)

4    (quoting *Lester*, 81 F. 3d at 832).

5    With respect to the ALJ's second reason, in the prior decision reversing and

6    remanding the ALJ, this Court held that inconsistency between examinations during

7    2016 was a specific and legitimate reason for rejecting Dr. Marks's 2016 opinion, but

8    *not* for rejecting Dr. Marks's 2018 opinion. *See* AR 664.  The law of the case doctrine

9    generally prohibits a court from considering an issue that has already been decided by

10   that same court or a higher court in the same case. *Stacy v. Colvin*, 825 F.3d 563, 567

11   (9th Cir. 2016) (citing *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991)). The law

12   of the case doctrine "is concerned primarily with efficiency, and should not be applied

13   when the evidence on remand is substantially different, when the controlling law has

14   changed, or when applying the doctrine would be unjust." *Id.* Here, the Commissioner

15   has not shown that any of these exceptions should apply. Thus, no specific and

16   legitimate reasons supported the ALJ's ultimate finding regarding this opinion.

17   E. Opinion of Dr. Cooper

18   Dr. Cooper evaluated Plaintiff on November 2, 2016, including a mental status

19   examination, clinical interview, and trail making tests, and diagnosed Plaintiff with

20   delayed-onset adjustment disorder with anxiety and specified personality disorder with

21   schizotypal and obsessive-compulsive traits. AR 418. Dr. Cooper also opined that

22   Plaintiff would have problems with concentration over extended periods of time, would

23

24

25

1   require accommodations for breaks, and would have strained relationships with some

2   supervisors. AR 418.

3         The ALJ gave this opinion partial weight, reasoning that while it was "largely

4   supported by this source's own exam findings," several limitations on interaction were

5   inconsistent with Plaintiff's presentation in other mental status exams, suggesting

6   possible symptom exaggeration. AR 613–14.

7         In the prior order reversing and remanding the ALJ, this Court held that

8         Dr. Cooper's findings included "intense and boisterous" attitude and
          behavior, "tearful" mood and affect, and "staccato" speech. [AR] 413. The
9         ALJ did not explain how these findings were inconsistent with Dr. Cooper's
          opinion of "strained relationships with some supervisors" and being "more
10        comfortable . . . without much interaction." [AR] 418. The ALJ also did not
          explain how the record as a whole was inconsistent with Dr. Cooper's
11        opinions.

12   AR 664. On remand, the ALJ made references to specific instances in the record that

13   were allegedly inconsistent with Dr. Cooper's opinion, such as "notations of [Plaintiff]

14   presenting as friendly and good natured[,]" being "in contact" with her family, and

15   "having a social support system" of two people. AR 613.

16         Plainly, this is not inconsistent with Dr. Cooper's opinion that Plaintiff would have

17   issues with supervisors and extended interaction in a work setting. The Social Security

18   Administration's regulation concerning evidence of functioning in supportive situations is

19   instructive here: "Your ability to complete tasks in settings that are highly structured, or

20   that are less demanding or more supportive than typical work settings does not

21   necessarily demonstrate your ability to complete tasks in the context of regular

22   employment during a normal workday or work week." 20 C.F.R. 404, Subpart P, App'x

23   1, § 12.00(C)(6)(b) (2016). Interactions with treatment providers are not analogous

24

25
ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 14

interactions with coworkers, supervisors, or the general public in a work setting. *Id*. And

they do not demonstrate an inconsistency with Dr. Cooper's opinion.

The ALJ also found that Plaintiff claimed to suffer "auditory and visual

hallucinations" during the examination, and that because such claims appeared

nowhere else in the record, this "suggests possible symptom exaggeration." AR 613–

14. As this Court previously held,

> Even if the incidents did not occur as Plaintiff reported, it is unclear how
> they affected Dr. Cooper's opinions on social interaction. The
> Commissioner does not defend the ALJ's reason, apparently conceding it
> is erroneous.

AR 664. In the present appeal, the Commissioner has, again, not defended this reason,

and has not offered any reason why the prior holding of this Court should be disturbed.

Thus, the Court again applies law of the case, under *Stacy v. Colvin*, 825 F.3d 563, 567

(9th Cir. 2016), and holds that this was not a specific and legitimate reason to discount

Dr. Cooper's opinion.

F. Opinions of Drs. Mitchell and Van Fossen

On July 25, 2016, state agency psychologist Dr. Mitchell concurred with Dr.

Marks' 2016 findings, establishing an onset date of disability of June 7, 2016. AR 403–

08. On September 5, 2018, agency psychologist Dr. Van Fossen authored an opinion

that indicated the same disability onset date. AR 514–17.

In giving little weight to the opinions of Drs. Mitchell and Van Fossen, the ALJ

relied on the same reasoning as that which was used to discount the opinions of Drs.

Cooper and Marks. AR 614. The Court has already determined that the ALJ's reasoning

in discounting those opinions was improper. Thus, the rejection of Drs. Mitchell and Van

Fossen was harmful error.

1   <u>2. Did the ALJ Properly Evaluate Plaintiff's Testimony?</u>

2       Next, Plaintiff assigns error to the ALJ's evaluation of her subjective symptom

3   testimony. Dkt. 17, pp. 15–18.

4       To reject a claimant's subjective complaints, the ALJ's decision must provide

5   "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted).

6   The ALJ "must identify what testimony is not credible and what evidence undermines

7   the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

8   Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for

9   rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at

10  834. "[B]ecause subjective descriptions may indicate more severe limitations or

11  restrictions than can be shown by medical evidence alone," the ALJ may not discredit a

12  subjective description "solely because it is not substantiated affirmatively by objective

13  medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

14      In the prior appeal to this Court, Plaintiff also alleged error in the evaluation of her

15  subjective symptom testimony. This Court held that the ALJ did not err in rejecting

16  Plaintiff's testimony based on her activities of daily living and performance on

17  trailmaking tests:

18          Plaintiff testified she can only sit for five minutes at a time, but can
            drive for 30 minutes. [AR] 47, 52. She testified she can only stand for five
19          minutes at a time, but reported mowing her lawn with a push mower. [AR]
            47, 442. Plaintiff testified she can only use her hands, such as for sewing,
20          for five minutes at a time. [AR] 57–58. Yet in July 2016 Plaintiff reported
            she "does a lot of hand crafts at home." [AR] 399. In November 2016
21          Plaintiff reported sitting 45 to 60 minutes sewing. [AR] 442. Plaintiff argues
            her condition worsened, but in July 2018 she again reported doing "a lot of
22          hand crafts." [AR] 509. Inconsistent statements and conflict with her
            activities were clear and convincing reasons to discount Plaintiff's physical
23          symptom testimony.

24

25

> The ALJ permissibly discounted Plaintiff's testimony of poor concentration based on testing showing she was "not impaired." [AR] 24, 55–56, 416. The ALJ permissibly discounted testimony of difficulty interacting with people because Plaintiff shops in stores and uses public transportation. [AR] 24, 51, 399, 415. The Court accordingly concludes the ALJ did not err by discounting Plaintiff's testimony.

AR 665–66.  The law of the case applies to the ALJ's evaluation of Plaintiff's testimony. While the law of the case should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust, *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016), it does not appear that any exception would apply. The evidence adduced at Plaintiff's second hearing was not substantially different but was consistent with the testimony at her first hearing, including indicating numbness, hand and wrist pain, an inability to sit or stand for long periods, and the need to elevate her legs multiple times a day due to swelling. *See* AR 47–54 (first hearing), AR 633–37 (second hearing). The ALJ did not err in relying on inconsistencies within Plaintiff's statements to discount her subjective testimony.

## Remand for Award of Benefits

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

1    The Ninth Circuit has developed a three-step analysis for determining when to

2 remand for a direct award of benefits. Such remand is generally proper only where

3        "(1) the record has been fully developed and further administrative
         proceedings would serve no useful purpose; (2) the ALJ has failed to
4        provide legally sufficient reasons for rejecting evidence, whether claimant
         testimony or medical opinion; and (3) if the improperly discredited
5        evidence were credited as true, the ALJ would be required to find the
         claimant disabled on remand."
6
*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir.
7
2014)).
8
          The Ninth Circuit emphasized in *Leon* that even when each element is satisfied,
9
the district court still has discretion to remand for further proceedings or for award of
10
benefits. 80 F.3d at 1045.
11
          Here, Plaintiff asks the Court to remand for an award of benefits based on the
12
ALJ's errors in evaluating the medical opinion evidence and Plaintiff's subjective
13
testimony. While Plaintiff has not shown that the ALJ erred in evaluating her own
14
testimony, the Court has found several errors in the ALJ's evaluation of the medical
15
opinion evidence, several of which repeated errors of the prior ALJ in the
16
Commissioner's previous decision.
17
          Providing another opportunity to assess improperly evaluated evidence does not
18
qualify as a remand for a "useful purpose" under the first part of the credit as true
19
analysis. *Garrison*, 759 F.3d at 1021-22, citing *Benecke v. Barnhart*, 379 F.3d 587, 595
20
(9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an
21
unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").
22
          If the opinions of Drs. Turner, Jacobson, Weiss, Marks, and Cooper were
23
credited as true, particularly Dr. Jacobson's opinion that Plaintiff would miss four or
24

25

more days of work per month, the ALJ would be required to find Plaintiff disabled on remand. AR 613–14, 984; *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits.").

Accordingly, remand for an award of benefits is the appropriate remedy.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ erred when she determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for an award of benefits.

Dated this 9th day of June, 2022.

Theresa L. Fricke
United States Magistrate Judge